[No. 26259. Department One. January 5, 1937.]

C. M. HESS, *Respondent,* v. BUSINESS MEN'S ASSURANCE
COMPANY OF KANSAS CITY, MISSOURI, *Appellant.*[1]

*Roberts & Skeel* and *Frank Hunter,* for appellant.

*George F. Hannan,* for respondent.

BLAKE, J.—Early in January, 1931, plaintiff became
a salesman for defendant, under a written contract.
The contract, by its terms, specified a schedule of com-
missions to be received by plaintiff on policies written
by him. On twenty-year endowment policies in excess
of two thousand dollars, he was to receive sixty per
cent of the first year's premium. It was also stipu-
lated that, if plaintiff collected a past due premium
from a lapsed policy holder more than three months

[1]Reported in 63 P. (2d) 535.

after the date due, "commission will be paid at one-half the rate allowed for new business."

On October 30, 1931, the defendant, at the instance of plaintiff, issued a twenty-year endowment policy to one Ernest Heyes. The amount of the first year's premium was $1,879.20, of which plaintiff received sixty per cent, in accordance with the terms of the contract. Under the terms of this policy, the defendant agreed to pay Heyes $45,000 at the end of twenty years. In case he died in the meantime, the company agreed to pay that amount to his beneficiaries.

Heyes became dissatisfied with this policy. After some negotiation, the company offered Heyes two plans "to change the twenty-year endowment contract number L-150558." The first plan (the only one necessary to notice here) was to issue a policy, for the same premium, under which at the end of twenty years the company would pay $49,350. Under this proposal, however, in case of Heyes' death the company was obligated to pay the beneficiaries only an amount equal to the total premiums paid during the life of the contract. The only other material difference was that the cash surrender values during the intervening years were not identical with those of the policy of October 30, 1931. In response, Heyes wrote to the company:

"I hereby request that my $45,000 policy number L-150558 be converted to the Plan No. 1 outlined in your letter of September 7, 1932."

Whereupon, the company issued a new policy, with terms as above outlined. This policy, however, bore date October 30, 1931, and likewise the same number (L-150558) as the original policy.

It is not clear from the record when this policy was delivered to Heyes, or when the original policy was surrendered by him. But from the testimony of the vice-president of the company, it appears that the

original policy remained in force only until September 13, 1932; that the new policy was substituted in its place, and that the unearned premium on the old policy was applied on the new. In other words, from September 13th the new policy stood in the stead of the old, with premium paid to October 30, 1932.

The second year's premium became due on the latter date. Heyes failed to pay it, and the policy was lapsed. On February 2, 1933, Heyes, at the instance of plaintiff, made application for reinstatement, and paid the second year's premium, which had become due October 30, 1932.

The principal issue in controversy is: To what, if any, commission is plaintiff entitled out of the premium so paid by Heyes? (There is a secondary issue with respect to a bonus provided for in the contract between plaintiff and defendant. This, however, is effectually disposed of in the determination of the principal issue.)

The trial court, upon appropriate findings, held that plaintiff was entitled, as commission, to thirty per cent of the premium paid by Heyes on February 2, 1933. Judgment was entered accordingly. Defendant appeals.

It seems to us the judgment of the trial court is hardly open to question, in view of the provisions of the sales agreement, the substance of which we set out at the beginning of the opinion. The policy had lapsed. The premium was more than three months past due. It was reinstated as the result of respondent's efforts. Under such conditions, the contract is specific in providing that the respondent should receive as commission "one-half the rate allowed for new business." As we have seen, the rate allowed for new business in the case of endowment policies was sixty per cent of the

premium. That had been paid on the new business when the original policy was written in 1931.

■ Appellant says that the original policy was what is known in the insurance world as a regular or ordinary endowment, while the second policy is what is known as a *pure endowment*. From this, appellant argues that, since the contract and commission schedule refer to *endowment* policies generally, no commission is provided for at all with respect to *pure endowment* policies. We think, however, that the contract calls for quite the opposite of such a construction. Since the contract refers to endowment policies in general terms, the commission schedule must be held to apply to all policies that fall within that category, regardless of the differences in characteristics of policies within the class. To hold otherwise would be to place a limitation upon the term *endowment* which the parties did not incorporate in their contract.

■ It is further contended by appellant that, under the specific terms of the contract, respondent is not entitled to the commission claimed on a *replacement* policy; that the second policy issued to Heyes was a replacement of the first; that, under the commission schedule, respondent was entitled only to an adjustment of commission upon the basis of the difference in the amount of premiums between the original and replacement policies.

This argument seems to be predicated upon the theory that it was the original policy that lapsed. But as we have seen from the testimony of appellant's vice-president, the original policy was in force only until the replacement policy was issued in September, 1932. The latter policy lapsed—not the original.

When the second policy was written, respondent laid no claim to a further commission on the initial premium, which had been paid October 30, 1931. Of

course, he would not have been entitled to any, because the premium was the same on both policies. But the claim here is for a commission out of the second year's premium, paid more than three months after due date, upon reinstatement of the second policy. Clearly, under his contract, respondent was entitled to thirty per cent of the premium as a commission.

Judgment affirmed.

MILLARD, C. J., MAIN, STEINERT, and GERAGHTY, JJ., concur.